**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TRIPPLE J INVESTMENTS, LLC,**

      **Plaintiff,**

-vs-                                         **Case No.  6:08-cv-283-Orl-DAB**

**CITY OF CAPE CANAVERAL and CITY**
**OF CAPE CANAVERAL BOARD OF**
**ADJUSTMENT,**

      **Defendants.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION TO DISMISS COUNT I OF THE COMPLAINT (Doc. No. 4)** |
| **FILED:** | March 3, 2008 |
| **THEREON** it is **ORDERED** that the motion is **DENIED** as moot. | |
| **MOTION:** | **PLAINTIFF'S MOTION TO REMAND (DOC. NO. 15)** |
| **FILED:** | March 26, 2008 |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

Plaintiff Tripple[1] J Investments, LLC ("Tripple J") seeks remand of this case to state court from which it was removed on the basis of abstention, recognizing that § 1983 civil rights action

---

[1] "Tripple" is apparently intentionally misspelled.

(Count II) does provide original jurisdiction, but arguing that compelling reasons require remand of the entire case. Plaintiff had previously filed in Brevard County circuit court a writ of certiorari to review on appeal the City's denial of a special exception in a low density commercial district to build three single family townhouses, a permitted special exception under the City Code. Doc. No. 2 at 2.

The City Planning and Zoning Board denied the request, and upon appeal to the Board of Adjustment, the Board also denied the request. On appeal to the Brevard County circuit court, that court issued an opinion on September 4, 2007 ordering the City to reverse the denial of the special exception. The City did not appeal the circuit court ruling to the Fifth District Court of Appeal, and the decision became final on October 13, 2007.

According to Tripple J, its managing LLC member was contacted by the Board of Adjustment on October 25, 2007 and told to reapply for the special exception. Doc. No. 2 at 5. On February 8, 2008, Plaintiff Tripple J Investments, LLC, filed its Complaint against Defendants, City of Cape Canaveral and City of Cape Canaveral Board of Adjustment (collectively "the City") in the state circuit court for Brevard County, Florida. On February 25, 2008, the City removed the case to this Court pursuant to 28 USC § 1441(2), based on original federal question jurisdiction. Doc. No. 1.

Tripple J Investments alleges in the Complaint (Doc. No. 2) that the City failed to take the action required by the state circuit court judge, and sought a writ of mandamus in this federal court to enforce or compel compliance with the state circuit court order and damages for the City's violation of Tripple J's due process rights under both the United States and Florida Constitutions.

On March 31, 2008, the City filed an Answer and Affirmative Defenses to Count II and a Motion to Dismiss Count I, the mandamus action. Doc. No. 16. In the City's Response and the accompanying affidavit of the Board of Adjustment Chairman, it is clear that the special exception

sought in Count I has now been issued, albeit in a delayed fashion. *See* Doc. Nos. 17, 19. Believing that the issuance of the special exception appeared to moot the issues raised in Count I of Plaintiff's complaint and the basis for remand, the Court ordered Tripple J to file by May 23, 2008 a brief on why the relief sought in Count I of its Complaint (Doc. No. 2) and its Motion to Remand (Doc. No. 15) is not moot, and allowed the City to respond. Doc. No. 23.

On May 22, 2008, Tripple J filed its response to the mootness issue (Doc. No. 24) and the City filed its memorandum on May 27, 2008 (Doc. No. 25). Tripple J then filed a notice of supplemental authority on May 29, 2008 (Doc. No. 29)[2], and the Motions became ripe for decision.

**Mootness**

Article III of the United States Constitution limits the federal judicial power to "Cases" or "Controversies." U.S. CONST. ART. III. § 2. "[A]n action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir.1997). "A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Fla. Pub. Interest Research Group Citizen Lobby, Inc. v. EPA*, 386 F.3d 1070, 1086 (11th Cir.2004). Thus, "[i]f events that occur subsequent to the filing of a lawsuit ... deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed." *Ad Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

Tripple J argues that its claim for mandamus relief is not moot, even though it concedes that the City approved the special exception on March 25, 2008. Doc. No. 24. Tripple J contends that

---

[2]Tripple J's notice of supplemental authority (Doc. No. 29), was futile in that the City had previously cited but distinguished the exact same case of *Mazer v. Orange County*, 811 So.2d 857 (Fla. 5th DCA 2002). In *Mazer,* the court simply held the case would not be dismissed even though the mandamus relief was moot because the plaintiff was entitled to a statutory award of fees based on a specific fee statute, which Tripple J concedes does not exist in this case. Whether or not Tripple J is entitled to fees at the conclusion of the case, the mandamus relief it seeks in Count I is clearly moot.

even though the remedy sought in the mandamus, *i.e.*, issuance of the special exception, has been granted, there is the collateral issue of attorney's fees and costs for seeking mandamus relief. Tripple J contends "its mandamus proceeding is unique in that mandamus actions usually are maintained where a non-discretionary act is required of a public official," and Tripple J acknowledges that a mandamus petition "generally carries with it no claims for attorney's fees absent statutory authority or a frivolous defense." Doc. No. 24. Tripple J contends its claim is different because "the City of Cape Canaveral had previously been the recipient of a final order directing the City to issue an Order approving the special exception." Doc. No. 24. In response, the City argues (Doc. No. 25) that, assuming *arguendo* Tripple J has "prevailed" on the mandamus, Tripple J still has no right to attorney's fees or costs.

Under Supreme Court precedent, when the underlying claim in a case becomes moot due to intervening circumstances, the remaining issue regarding the amount of an attorney's fee and costs is a collateral matter, and does not involve the merits of the case. *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 199-200 (1988). Consequently, that issue does not prevent the case from becoming moot. *See Mackenzie v. Kindred Hospitals East, L.L.C.,* 276 F.Supp.2d 1211, 1218 (M.D. Fla. 2003). In *McDonald v. Oliver*, the former Fifth Circuit held that the challenge to a union election was rendered moot when the two-year terms expired and the plaintiffs were subsequently elected in new election; however, the issue of attorney's fees remained. *McDonald v. Oliver*, 525 F.2d 1217, 1226 (5th Cir. 1976). The court would still consider the award of attorney's fees, but the injunctive relief sought was held to be moot. *Id*.

Similarly, in this case, Tripple J's mandamus claim is indisputably moot; however, the issues of whether to award attorney's fees and the amount remain for consideration as collateral matters.

Tripple J's entitlement to fees and, if entitled, the apportionment of fees to be awarded for the mandamus claim versus the § 1983 claim are issues to be resolved much later in the case. Moreover, Tripple J failed to assert (*see* Doc. No. 24) any argument for remand other than the issue of potential attorney's fees for the mandamus count may still be viable. Tripple J concedes that the Court has original jurisdiction over the § 1983 claim (Count II).

It is **ORDERED** that Defendants' Motion to Dismiss Count I of the Complaint (Doc. No. 4) is **DENIED** as moot, with consideration of any attorney's fees application related to the mandamus claim to be deferred to end of the case. It is **ORDERED** that Plaintiff's Motion to Remand (Doc. No. 15) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on June 17, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record